IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JUSTIN C. CHAPLIN, On Behalf of Himself and Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SSA COOPER, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No.: 2:15-cv-01076-DCN <br> ) <br> ) <br> ) **COLLECTIVE ACTION COMPLAINT** <br> )     **(Jury Trial Requested)** <br> ) <br> ) <br> ) |

Plaintiff Justin C. Chaplin, individually and on behalf of all other similarly situated individuals, as his Complaint in the above-captioned matter, alleges and shows unto this Honorable Court the following:

### NATURE OF CLAIM

1. Plaintiff Justin C. Chaplin brings this action individually and as a collective action for unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff also brings individual and class claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Justin C. Chaplin is a citizen and a resident of Charleston County, South Carolina.

3. Defendant, SSA Cooper LLC, is a for-profit corporation, registered with the South Carolina Secretary of State.

4. Venue is proper in this District because the Defendant has conducted substantial, continuous and systematic commercial activities in North Charleston. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

5. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of similarly situated employees who worked in excess of forty (40) hours during certain workweeks without receiving overtime compensation during the last three years.

6. This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

7. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTS

8. Defendant, SSA Cooper, LLC is the world's largest operator of marine and rail cargo terminals. The Defendant provides full-service stevedores who handle containers, bulk commodities, paper products, lumber, steel, and stuff and strip containers on terminal for shippers.

9. Plaintiff Justin C. Chaplin was employed by the Defendant from approximately August of 2007 until approximately October 2014.

10.     Plaintiff was employed by Defendant as a "stevedore." Plaintiff's primary duties consisted of manual labor related to loading and unloading cargo on ships at the ports in Charleston, South Carolina.

11.     Defendant misclassified Plaintiff, and other similarly situated stevedores at the Charleston port, as exempt from the overtime compensation and minimum wage requirements of the FLSA.

12.     Defendant did not employ the Plaintiff and other similarly situated stevedores as seaman within the meaning of that term as used in 29 U.S.C. § 213(b)(6). The Plaintiff and other stevedores did not render aid in the operation of the vessels as a means of transportation nor did they aid the vessels in navigation.

13.     Defendant compensated Plaintiff and similarly situated employees under a compensation plan that included a "salary" and a bonus. The salary was a set amount of wages based on a forty (40) hour workweek. In addition to the salary, Defendant compensated Plaintiff and similarly situated employees under a non-discretionary bonus plan that included: a bonus of fifty dollars ($50.00) if they worked more than eleven (11) hours in a shift; an additional bonus of fifty dollars ($50.00) if they worked fifteen (15) hours in a shift; and a bonus of one hundred dollars ($100.00) if they worked on a weekend.

14.     Plaintiff and similarly situated employees regularly worked more than forty (40) hours in a workweek for the Defendant, and Defendant failed to pay them one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek during these workweeks.

15. Defendant deducted time from the compensable hours of Plaintiff and similarly situated employees in order to avoid paying the bonus required if Plaintiff and similarly situated employees met the eleven (11) or fifteen (15) hour thresholds required to receive the bonus.

16. Defendant unlawfully deducted meal periods for Plaintiff's total hours worked during a workweek. Plaintiff rarely, if ever, received an uninterrupted meal period because Defendant required him to attend meetings and to review plans for unloading cargo ships during meal periods.

17. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the minimum wage and overtime compensation provisions of the FLSA.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Unpaid Overtime Compensation)
(Individual and Collective Action)

18. Plaintiff, on behalf of himself and all similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

19. At all times pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

20. At all times pertinent to this Complaint, Plaintiff and similarly situated employees were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

21. At all times relevant herein, Defendant was the "employer" of Plaintiff and similarly situated employees as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

22. Defendant required Plaintiff and similarly situated employees to work "off the clock" by failing to compensate them for all hours during a workweek for which they were "employed" as that term is defined under 29 U.S.C. § 203(g) of the Fair Labor Standards Act.

23. Defendant employed Plaintiff and similarly situated employees for workweeks longer than forty (40) hours without compensating Plaintiff and similarly situated employees at a rate of one and on-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

24. Plaintiff and similarly situated employees are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

25. Defendant's violations of the FLSA were willful.

**FOR A SECOND CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual and Class Action)

26. Plaintiff, on behalf of himself and all similarly situated employees, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

27. Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

28. Defendant employed Plaintiff and the members of the Plaintiff's class within the State of South Carolina.

29. Plaintiff and the members of the Plaintiff's class entered into a contract with Defendant where Plaintiff and the members of the Plaintiff's class would provide services and labor to Defendant in exchange for agreed-upon wages.

30. Plaintiff and the members of the Plaintiff's class fulfilled their obligations under the contract. Defendant breached the contracts with Plaintiff and the members of the Plaintiff's class by not paying them all amounts due.

31. Defendant owes Plaintiff and the members of the Plaintiff's class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiff and the members of the Plaintiff's class.

32. Defendant required Plaintiff and the members of the Plaintiff's class to work and did not pay them for all service rendered for the benefit of Defendant.

33. Defendant failed to pay Plaintiff and the members of the Plaintiff's class all wages due, as required by Sections 41-10-40 and -50 of the Act.

34. In addition, Defendant deducted amounts from the paychecks of Plaintiff and the members of the Plaintiff's class for improper purposes, upon false pretenses, and without providing proper written notice as required by Section 41-10-30(A) of the Act.

35. Pursuant to Section 41-10-80(C) of the Act, Plaintiff and the members of the Plaintiff's class are entitled to recover an amount equal to three times the full amount

of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin C. Chaplin, on behalf of himself and similarly situated employees, seeks judgment against the Defendant as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b. An award of compensatory damages in an amount equal to the unpaid overtime compensation owed to Plaintiff and similarly situated employees pursuant to 29 U.S.C. § 216(b);

c. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

d. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

e. An award of compensatory damages in the amount of the unpaid wages owed to Plaintiff and similarly situated employees;

f. An award of treble damages for all unpaid wages awarded pursuant to the South Carolina Payment of Wages Act;

g. An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

h. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Justin C. Chaplin on behalf of himself and all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
321 Wingo Way, Suite 201
Mount Pleasant, South Carolina 29464
(843) 849-1692 Phone
(800) 385-8160 Fax
marybeth@mullaneylaw.net

William C. Tucker (Fed. ID No. 6187)
Tucker Law Firm, PLC
223 West Main Street, Suite A
Charlottesville, Virginia  22902
(434) 979-0049 Phone
(434) 979-0037 Fax
bill.tucker@tuckerlawplc.com

*Attorneys for Plaintiff*


March 5, 2015
Mount Pleasant, South Carolina.