IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JUSTIC CHAPLIN, on behalf of himself and others similarly situated, ) ) ) | ) | |
| Plaintiff, | ) ) | No. 2:15-cv-01076-DCN |
| vs. | ) ) | **ORDER** |
| SSA COOPER, LLC, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on a partial motion to dismiss filed by defendant SSA Cooper, LLC ("SSA Cooper"). SSA Cooper seeks to dismiss plaintiff Justin Chaplin's ("Chaplin") second cause of action for violation of the South Carolina Payment of Wages Act. For the reasons that follow, the court denies SSA Cooper's motion.

## I.  BACKGROUND

Chaplin was previously employed by SSA Cooper as a "stevedore." Compl. ¶ 10. On March 5, 2015, Chaplin filed the present action in this court on behalf of himself and "all other similarly situated individuals" for overtime compensation and unpaid wages against SSA Cooper. Id. ¶ 1. Chaplin alleges that SSA Cooper violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10, *et seq.* Id.

On March 30, 2015, SSA Cooper filed a motion to dismiss Chaplin's SCPWA claim, to which Chaplin responded on April 16, 2015. The motion has been fully briefed and is ripe for the court's review.

1

## II.  STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief."  Id. at 679.  Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "Facts pled that are 'merely consistent with' liability are not sufficient."  A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

## III.  DISCUSSION

SSA Cooper moves to dismiss Chaplin's SCPWA claim on that ground that it "is nothing more than an alternately pled cause of action for violation of the FLSA."  Def.'s Mot. 1.  Chaplin responds that the SCPWA claim is "separate and distinct" from the FLSA claim.  Pl.'s Resp. 1.  According to Chaplin, the SCPWA claim is "based on defendant's failure to pay bonuses that were required by defendant's employment

contracts and/or compensation policies," while the FLSA claim is "based on defendant's failure to pay overtime compensation." Id.

The FLSA provides statutory remedies for failure to pay overtime compensation. Nimmons v. RBC Ins. Holdings (USA) Inc., No. 6:07-cv-2637, 2007 WL 4571179, at *2 (D.S.C. Dec. 27, 2007). This federal remedial scheme preempts "all state law causes of action premised upon failure to pay overtime, including breach of contract claims." Id. (citing Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007)); see also Nettles v. Techplan Corp., 704 F. Supp. 95, 100 (D.S.C. 1988) (dismissing state law negligence claim based on failure to pay overtime and holding that the FLSA is the exclusive remedy to recover overtime wages).

The SCPWA provides remedies under South Carolina law to recover unpaid "wages," which are defined as "all amounts at which labor rendered is recompensed . . . and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract." S.C. Code Ann. § 41-10-10(2). Courts have found that SCPWA claims are preempted by the FLSA when an employee seeks to recover unpaid overtime compensation or minimum wages provided by the FLSA. Anderson, 508 F.3d at 194 ("[W]e must hold today that Congress prescribed exclusive remedies in the FLSA for violations of its mandates. . . . Our conclusion is consistent with the rulings of several district courts deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims.") In such cases, preemption exists because the alleged obligations arise by virtue of federal statutory law rather than any state substantive rights. See Nimmons, 2007 WL 4571179, at *2 ("[T]he exclusive remedies available to an employee to enforce legal rights created by the FLSA

are the statutory remedies provided therein."); New v. Belk Stores, No. 8:00-cv-00852, slip op. at 5 (D.S.C. October 10, 2000) (holding that state law claims are duplicative and subject to dismissal when they seek to vindicate the same rights protected by federal statutory law (citing Desrochers v. Hilton Hotels Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998))).

     Here, Chaplin's SCPWA claim does not implicate a violation of federal statutory law—rather, this claim arises out of SSA Cooper's alleged failure to pay a "non-discretionary bonus" mandated by the employee compensation plan. Compl. ¶ 13. Specifically, Chaplin alleges that "[d]efendant deducted time from the compensable hours of [p]laintiff and similarly situated employees in order to avoid paying the bonus required if [p]laintiff and similarly situated employees met the eleven (11) or fifteen (15) hour thresholds required to receive the bonus." Id. ¶ 15. Because these allegations are separate and distinct from those asserted under the FLSA claim, the court finds that Chaplin's SCPWA claim is not preempted by the FLSA. See McMurray v. LRJ Restaurants, Inc., No. 4:10-cv-01435, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) (finding plaintiff's claims arising out of defendants' "failure to honor agreements to pay wages which may be in excess of minimum wage and failure to pay wages when due" to be "separate and distinct from [p]laintiff's FLSA claims"); Barton v. Pantry, Inc., 2006 WL 1367421, at *2 (M.D.N.C. May 17, 2006) ("[I]t appears that some of the employees may have been due more than minimum wage for the hours worked 'off the clock' or deleted from the records. These amounts would not be covered by either their minimum wage or overtime compensation claims under the FLSA.").

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** SSA Cooper's partial motion to dismiss.

**AND IT IS SO ORDERED**.

 

 

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 6, 2015**
**Charleston, South Carolina**